Edward Guthrie, Appellee, v. The Empire Coal Company, Appellant.

Gen. No. 5,015.

MINES AND MINERS ACT—*what competent in defense to action for personal injuries.* In an action for personal injuries, sustained by an employe while traveling along a haulingway in a mine, it is competent for the defendant to show that it had provided a manway for a long distance, parallel with such haulingway, for the men to use in going to and from their work, that the plaintiff was forbidden to travel upon the haulingway, that there were conspicuous notices throughout the mine forbidding the men to travel upon the hauling or tripway and requiring them to take the manway, and that the plaintiff's duties did not require him to travel along such haulingway.

Action in case for personal injuries. Appeal from the Circuit Court of Mercer county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

CHURCH & CHURCH, WILLIAM T. JACKSON and COOKE & WILSON, for appellant.

W. J. GRAHAM and O. E. CARLSTROM, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action on the case brought by Edward Guthrie, appellee, against the Empire Coal Company, appellant, in the Circuit Court of Mercer county, to recover damages for injuries claimed to have been sustained by him on November 9, 1906, by reason of his being struck by a train of cars in appellant's mine, in which he was employed.

Appellee's declaration, as finally amended, contained three counts. Before appellee closed his proof, he dismissed the third count. The first count averred that in appellant's mine, there was a single track hauling road, on which it moved by machinery its trains of pit cars; and that appellant wilfully violated the

statute of the State of Illinois by failing to place a conspicuous light on a train of pit cars; that while appellee was traveling on foot along said hauling road, said train of pit cars approached him from behind, and that in consequence of appellant's failing to have a conspicuous light on the train he was struck by the cars and injured. The second count charged appellant's duty to cut in the side walls of the hauling road in said mine, places of refuge, not less than three feet in depth, and four feet in width, and not more than twenty yards apart, which should be kept clear of obstructions, and averred that no such places were cut in said side walls, nor was there a clear space of at least three feet between the side of the pit cars traveling on the hauling road and the side of the road, and that no other means whereby appellee might escape injury were provided; that while deceased was traveling on the hauling road a train of pit cars approached and struck him on the back, thereby injuring him. There was a plea of not guilty, a trial and a verdict of $4,200 for appellee. A motion for a new trial was denied, judgment was entered on the verdict, and the company prosecutes this appeal.

Paragraph (A) of section 21, chapter 93, of an act entitled "Mines and Miners," Hurd's R. S. 1905, contains three separate provisions. The first requires that on all single track hauling roads whenever hauling is done by machinery, and on all gravity or inclined planes, in mines, upon which the persons employed in the mine must travel on foot to and from their work, places of refuge must be cut in the side wall, not less than three feet in depth, and four feet wide, and not more than twenty yards apart, unless there is a clear space of at least three feet between the side of the car and the side of the road, sufficient for the safe passage of men. The third provision requires that a conspicuous light must be carried on the front car of every trip or train of pit cars moved by machinery, except when such trip is on an inclined plane.

The evidence shows that appellant operated a coal mine in which there was a main south entry or hauling way on an inclined plane, and that cars were operated by machinery thereon. Appellee was injured in said main hauling way by being struck by a train which did not have a light upon the front car, and there were no places of refuge in this main hauling way, nor was there such a clear space between the cars and the side of the road as the statute required. It further appeared from the evidence, that parallel with said main hauling way and but a short distance therefrom was a way provided for men to go to and from their work, variously called a road, traveling way, passageway and manway; that at every crossing, or wherever the entry way came to the manway signs were posted to the effect that no one was allowed on the trip road; and also a sign with a hand with a finger pointing to the manway, and reading, "This way to the manway."

There was proof by two witnesses that appellee, prior to the accident, had at different times been found in the hauling way, and had been forbidden to walk therein and had promised not to do so any more. Appellee testified that the men were supposed to walk on the manway from their work to the shaft and that he understood it to be the place for him to leave the mine to go to the surface.

At the close of the evidence, the trial court excluded all portions of the evidence relative to the existence and condition of the way designated as "manway," all evidence relative to the notices posted in the mine, and also all evidence of warnings or directions as to the way appellee should or should not take in the mine.

It will be seen that the statute requires such places of refuge in mines where the hauling is done by machinery on single track hauling roads, "upon which the persons employed in the mine must travel on foot to and from their work." We are of the opinion that these words cannot be excluded from the statute, and make it a requirement that there shall be places of

refuge in every hauling way, and we are further of the opinion that appellant was entitled to prove that it had provided a manway for a long distance parallel with the main hauling way, for the men to use in going to and from their work, and that appellee was forbidden to travel upon the hauling way, and that there were conspicuous notices throughout the mine forbidding the men to travel upon the hauling or tripway, and requiring them to take the manway. It is true that certain men who kept the main hauling way in repair or oiled the wheels over which the cable ran, had to go along the main hauling way to discharge their duties, but appellee did not belong to that class, and that work was done when the cars were not running. Again, there is proof that a part of the way along the manway, there were rails and that sometimes cars were pulled along on these rails, upon which to load material which had fallen in the manway. These cars, however, were not operated by machinery and we do not see that the existence of the old track, a part of which had been taken up, is material.

It is urged that a man whose light had gone out as appellee's had, when coming to the track in the hauling way, would suppose it was the manway. Appellee testified that he knew he was in the hauling way. We are of opinion that if appellant furnished a reasonably safe and sufficient manway parallel with the hauling way, and had ordered and directed or warned its men working in the mine to walk to and from their work in the manway, and not walk upon the hauling way, then it was not required under the statute to build places of refuge in the hauling way. If our interpretation of the statute as applied to the evidence in this case is correct, it follows that the court erred in excluding this evidence. The evidence so excluded was not competent for the purpose of showing negligence on the part of appellee, as in actions under this statute for its wilful violation the negligence of the party injured is not a defense, but this

excluded evidence tended to show that the hauling way was not the way in which the miners traveled in going to and from their work, and that they were excluded therefrom, and for this purpose it was competent.

Such instructions given by the court as assumed that there must be places of refuge in the hauling way, were erroneous. Appellee's second and fourth instructions contained such assumption and were therefore defective.

In view of what we have already said, we deem it unnecessary to consider other questions raised by appellant.

We hold that under the third clause of said paragraph (A) of said section 21 of the Mines and Miners Act, a light was required on the front car of the train that struck appellee, but from this record we have no means of knowing under which count of the declaration the jury found for appellee. They may have found the verdict under the count relating to the absence of places of refuge; therefore the exclusion of this testimony was harmful error.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*